**Jaime Gonzalez VARGAS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–426–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 19, 1985.

Ricardo Flores, Pharr, for appellant.

Ben Euresti, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction of involuntary manslaughter arising out of an automobile accident caused by appellant's intoxication. On July 5, 1984, appellant ran a red light and hit the car of Roger Oakley, who was seriously injured and died a short time later. A state trooper and several witnesses had observed appellant at the scene of the accident and each testified that, based on their observations, they felt appellant was intoxicated at the time. The results of a blood test, based on a sample taken at the hospital shortly after the accident, established that appellant's blood contained 0.16 percent alcohol. A jury found appellant guilty of involuntary manslaughter and the court assessed punishment at seven years' confinement in the Texas Department of Corrections.

Appellant's first ground of error alleges that the results of the blood test should not have been admitted because the State failed to prove that the blood specimen was taken in a hospital licensed by the Texas Department of Health. The statute upon which appellant relies states in pertinent part:

(c) When a person shall submit to a blood test at the request of a law enforcement officer under the provisions of this Act, only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse under the supervision or direction of a licensed physician may withdraw blood for the purpose of determining the alcoholic content therein. The sample must be taken by a physician or in a physician's office *or hospital licensed by the Texas Department of Health.* This limitation shall not apply to the taking of breath specimens.... (Emphasis added.) TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(c) (Vernon 1977 and Supp.1985).

While no evidence was introduced at trial related to the status of Valley Community Hospital as licensed or unlicensed, appellant's only objection at trial was the general objection that a proper predicate had not been laid in that the State did not comply with Art. 6701*l*–5, § 3. Appellant never informed the court of his specific objection that the State failed to prove that the hospital was licensed by the Texas Department of Health. Art. 6701*l*–5, § 3 deals with the admissibility of results of tests of blood, urine, or other bodily substances, the qualifications and methods for making the analysis, as well as other matters in ten subsections in separate paragraphs printed with single spacing covering approximately two pages in the 1985 Cumulative Annual Pocket Part to the statute.

■ An objection that the proper predicate has not been laid is usually too general to preserve error for appeal. An objection to the admission of evidence must state the specific grounds of the objection in order to merit consideration. *Canada v. State*, 589 S.W.2d 452, 454 (Tex.Crim.App. 1979); *Boss v. State*, 489 S.W.2d 582, 584 (Tex.Crim.App.1972). The purpose of the rule is to insure that the judge is adequately advised by the objection why the offered evidence is inadmissable so he can knowledgeably make a proper ruling. Further, where the objection made at trial is not the same as that urged on appeal the complaint

is not preserved for review. *Beck v. State*, 682 S.W.2d 550, 553 (Tex.Crim.App.1985); *Euziere v. State*, 648 S.W.2d 700, 703 (Tex. Crim.App.1983). We hold that under the circumstances appellant's objection citing only the section number was inadequate to properly apprise the trial judge of the basis of his objection under the circumstances. Appellant's first ground of error is overruled.

Appellant's second ground of error alleges that a letter from chemist Joe Marchan to arresting officer Trooper Alatorre was inadmissible hearsay. The letter reports that the blood specimen taken on July 5, 1984, from Jaime Gonzalez Vargas contained 0.16 percent alcohol by weight.

During the trial, Joe Marchan, a chemist who works for the Texas Department of Public Safety, was qualified as an expert in blood specimen testing. Marchan testified that the standard laboratory procedures of logging in and locking up specimens upon their arrival was followed in this case. He testified that he twice ran the accepted Department of Public Safety test on appellant's blood specimen and that the result was 0.16 percent. After that testimony, the letter was shown to Marchan who identified it as his report carrying his signature. The exhibit was then admitted into evidence despite appellant's objection that it was hearsay.

■ Marchan wrote the letter after performing the blood test in order to report the results to the arresting officer and the prosecutor, based on his personal knowledge. Before the admission of the letter, Marchan testified that the test results were 0.16 percent, and he was available for cross-examination. The letter was merely cumulative of his earlier testimony. "If the fact to which the hearsay admitted relates is sufficiently proved by other and competent evidence, the admission of the hearsay objected to may properly be deemed harmless." *Huff v. State*, 560 S.W.2d 652, 654 (Tex.Crim.App.1978), *quoting* 24 TEX.JUR.2d *Evidence* § 573 (1961). Appellant's second ground of error is overruled.

Appellant's third ground of error alleges that the Motion for Instructed Verdict should have been granted because there was insufficient evidence that appellant was intoxicated as required by Article 19.05(b) of the Texas Penal Code, which defines intoxication to mean that "the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body." Appellant argues that there is insufficient evidence that he did not have the normal use of his mental and physical faculties. The question raised is a companion to appellant's ground of error number six, in which he claims error by the trial court in charging two definitions of intoxication, that authorized by § 19.05(b) of the Penal Code and that set out in Article 6701*l*-5, TEX.REV.CIV.STAT.ANN. (Vernon Supp. 1985) in which intoxication is defined as "having an alcohol concentration of .10 percent or more."

■ As the Legislature expressly made the art. 6701*l*-5 definition of intoxication applicable to § 19.05 of the Penal Code, and the two definitions are not conflicting, we hold that the trial court properly charged the jury by giving both definitions of intoxication. After carefully reviewing the evidence, we find there was sufficient evidence from which the jury could have found the appellant intoxicated as a necessary element of the offense. Appellant's third and sixth grounds of error are overruled.

In his fourth ground of error, appellant alleges that the trial court should have granted his Motion for Instructed Verdict because the evidence was insufficient to show that appellant's alleged intoxication caused the death of Roger Eric Oakley. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

■ There was testimony that appellant ran a red light and struck Roger Oakley's car, that Oakley received severe head injuries as a result of the accident and died a short time later, and that the appellant was intoxicated at the time. The evidence is sufficient to show the requisite causal connection between appellant's intoxication and the death of Roger Eric Oakley. *See Hines v. State*, 515 S.W.2d 670, 673 (Tex. Crim.App.1974); *Rathmell v. State*, 653 S.W.2d 498 (Tex.App.—Corpus Christi 1983, pet. ref'd). The trial court did not err in overruling appellant's Motion for Instructed Verdict. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error alleges that the trial court erred in denying appellant's requested jury instructions which charged the jury not to let bias, prejudice or sympathy play any part in their deliberations.

■ The giving of admonitory instructions in order to guard against jury misconduct is largely within the discretion of the trial court. *York v. State*, 566 S.W.2d 936, 938 (Tex.Crim.App.1978); *Williams v. State*, 511 S.W.2d 64 (Tex.Crim.App.1974). We cannot agree that the refusal of the trial court to give the requested instruction was error. Appellant's fifth ground of error is overruled.

Appellant's seventh ground of error complains that the trial court erroneously failed to apply the law to the specific facts of the case in its charge. *See Newton v. State*, 648 S.W.2d 693 (Tex.Crim.App.1983). We disagree.

■ In the case at bar, the jury was charged with the law of involuntary manslaughter. The law was repeatedly and thoroughly applied to the facts in paragraphs IV through VII of the charge, which designated the elements which must be proved and the circumstances of reasonable doubt which would require an acquittal. The application section of the charge was proper and was similar to the charge approved in *Turpin v. State*, 606 S.W.2d

907 (Tex.Crim.App.1980). Appellant's seventh ground of error is overruled.

Appellant's eighth and ninth grounds of error complain that the court's charge to the jury was in error because in paragraph III it commented on the weight of the evidence and placed a more onerous burden of proof on the appellant than required by law. Paragraph III provides:

> However, you are instructed that the facts establishing the existence and accuracy of the chemical analysis, if any, on this same defendant must be proven beyond a reasonable doubt; and, if you have a reasonable doubt as to the existence or accuracy of the chemical analysis, if any, you shall not consider the chemical analysis, if any, for any purpose.
>
> Even though you may find the existence and accuracy of the chemical analysis, or, if you should find from the evidence beyond a reasonable doubt that the defendant was intoxicated on the occasion in question, the State must prove beyond a reasonable doubt each of the other elements of the offense charged in the indictment.

 The charge submitted to the jury is based on Article 6701*l*–5, § 3(a) TEX.REV. CIV.STAT.ANN. and TEX.PENAL CODE ANN. § 2.05 (Vernon 1974). This charge does not shift the burden of proof to the accused, nor is it a comment on the weight of the evidence. It is instead a statement of the law applicable to the case. *Easdon v. State*, 552 S.W.2d 153, 155 (Tex.Crim. App.1977). Appellant's eighth and ninth grounds of error are overruled.

Appellant's tenth ground of error alleges that the trial court erred in denying appellant's motion to quash the indictment because the indictment failed to set forth an element of the offense. Appellant's motion to quash complained that the "indictment does not allege what substance defendant was intoxicated with" and is, therefore, "much to [sic] vague, indefinite and general and does not give defendant fair notice to prepare his defense...."

An indictment, such as this one, which follows the language of the statute creating and defining the offense charged will be sufficient. *See Parr v. State*, 575 S.W.2d 522 (Tex.Crim.App.1978). "It is a rare exception when an indictment in the words of the statute will be held insufficient to give the required notice to the accused." *Hansen v. State*, 636 S.W.2d 241, 242 (Tex.App.—Texarkana 1982, no pet.); *Accord May v. State*, 618 S.W.2d 333, 341 (Tex.Crim.App.1981).

The focus of the statute involved in this case is on the act of driving a motor vehicle when intoxicated and on a death accidentally caused by such driving while intoxicated, not on the substance which causes the intoxication. "The substance used to produce the intoxication is essentially evidentiary and is not a necessary part of notice." *Hansen v. State*, 636 S.W.2d at 242–243. Appellant's tenth ground of error is overruled.

The judgment of the trial court is AFFIRMED.