**Richard GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1241–86.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1988.

Gary W. Shank, Floresville, for appellant.

Howard C. Berger, County Atty., Floresville, Robert Huttash, State's Atty. and Carl E.F. Dally, Sp. Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

This is an appeal from a misdemeanor conviction for driving while intoxicated. Art. 6701*l*–1(b), V.A.T.S. Appellant was found guilty in a jury trial, and punishment was assessed by the trial court at 12 days in jail and a fine of $500.00. The Fourth Court of Appeals, in a published opinion, "reversed and dismissed" the conviction due to the State's failure to specify in the information,[1] the substance by which appellant became intoxicated. *Garcia v. State,* 720 S.W.2d 655 (Tex.App.—San Antonio 1986).

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred "in holding that, in a prosecution for driving a motor vehicle in a public place while intoxicated, a motion to

---

1. A timely motion to quash was urged and overruled.

2. Review was granted because this is an important question of state law which has not been, but should be decided by this Court. Tex.R. App.Pro. Rule 200(c)(2).

3. "Intoxication" is defined as:

quash the information on the ground that it does not give adequate notice would require dismissal of an information that did not allege whether the alleged intoxication 'was caused by alcohol, a controlled substance, a drug, or any combination thereof'."[2] See State's Petition for Discretionary Review at page 2. We will hold that it did not err, and we will affirm.

The information supporting this conviction provided, in pertinent part, that the appellant, on August 2, 1985, "did then and there drive and operate a motor vehicle in a public place in Wilson County, Texas, to wit: 4th Street and B Street, while intoxicated, when the Defendant did not have the normal use of his mental and physical faculties...."

Article 6701*l*–1(b), V.A.T.S., provides that "A person commits an offense if the person is intoxicated[3] while driving or operating a motor vehicle in a public place." Art. 6701*l*–1(a)(2), V.A.T.S.

Generally, when a term is defined in the statutes, it need not be further alleged in the indictment. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Cr.App.1981) (On State's Motion for Rehearing); *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981); *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr. App.1980). However, when an *act or omission* by a defendant is statutorily defined, and that definition provides *more than one way to commit the act or omission,* then, upon timely request, the State must allege the manner and means it seeks to establish. *Ferguson v. State,* 622 S.W. 2d 846, 851 (Tex.Cr.App.1981).

In *Ferguson,* supra, on original submission, a panel of this Court unanimously concluded that an indictment alleging the delivery of drugs, when contested by a motion to quash asserting lack of notice, is insufficient when "it does not show on its face facts necessary to give appellant precise notice of the nature ... of the accusa-

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
(B) having an alcohol concentration of 0.10 percent or more.

tion against him." *Id.,* at 848. Further, "[t]he indictment as drafted [does not] serve to distinguish the conduct alleged from other conduct by the accused, which is required to ensure a bar to a subsequent prosecution for the same offense." *Id.* Therefore, an indictment, to be legally sufficient in a delivery of a controlled substance case, must allege the type of delivery: actual, constructive, or an offer to sell, or any disjunctive combination thereof.

Comparing the definition of delivery under Art. 4476–15, § 1.02(8), V.A.T.S., with that of intoxication, an inescapable similarity is present: in each the prohibited conduct can be accomplished in several different ways. And, in each instance, the means of accomplishing the prohibited conduct is dependent upon "an *act or omission* of the appellant [emphasis added]." *Ferguson,* supra. See also, *Queen v. State,* 662 S.W.2d 338 (Tex.Cr.App.1983).

In *Thomas,* supra, the Court held that even in light of a motion to quash, the word "owner" under V.T.C.A. Penal Code § 1.07(a)(24), does not have to be more specifically alleged because "the term 'owner' does not go to an *act or omission* of the defendant [emphasis added]." *Id.,* at 164.

Thus, the distinction between *Ferguson* and *Thomas* is that if a statute includes multiple definitions, the specific definition to be relied on by the State does not have to be pled unless it involves an *act or omission* of the appellant.

The State contends that the court of appeals completely omitted from its analysis four (4) cases which the State says are applicable and controlling in the instant inquiry. *Vargas v. State,* 697 S.W.2d 496 (Tex.App.—Corpus Christi 1985); *Brown v. State,* 674 S.W.2d 443 (Tex.App.—Dallas 1984), petition for discretionary review granted and affirmed on other grounds, 741 S.W.2d 453 (Tex.Cr.App.1987); *Stark v. State,* 643 S.W.2d 187 (Tex.App.—Austin 1982); *Hansen v. State,* 636 S.W.2d 241 (Tex.App.—Texarkana 1982). The State

recognizes that these are prosecutions involving involuntary manslaughter, and therein lies the distinction as far as we are concerned. As was so aptly stated in the *Vargas* case, "the focus of the statute involved in this case is on the act of driving a motor vehicle when intoxicated *and* on a death accidentally caused by such driving while intoxicated, not on the substance which causes the intoxication. 'The substance used to produce the intoxication is essentially evidentiary and is not a necessary part of notice.' [citation omitted]" *Id.,* at 500.

In a prosecution under Art. 6701*l*–1(b), as explicated above, with the addition of Art. 6701*l*–1(a)(2)(A) to the definition of intoxication, the type of intoxicant used i.e., alcohol, a controlled substance, a drug, or a combination of two or more of these substances, becomes an element of the offense and critically necessary to the State's proof. Conversely in an involuntary manslaughter prosecution, the State may show the use of *any* intoxicant because the statute only requires proof of intoxication.

■ We therefore hold that a charging instrument which alleges an offense under Art. 6701*l*–1(b) with intoxication defined under Art. 6701*l*–1(a)(2)(A) must allege the intoxicant singularly, or in disjunctive combination.

Since the information in the instant case does not contain the requisite intoxicant as herein required, sufficient notice was not given to the appellant. Thus, the trial court erred in overruling the appellant's timely motion to quash the information.[4]

The judgment of the Court of Appeals is affirmed.

McCORMICK and WHITE, JJ., dissent.

---

**4.** We note that the Court of Appeals cited *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986) in its opinion. We infer from that citation that the requisite analysis as to whether or not, in the context of the case, the lack of notice had an impact on the appellant's ability to prepare a defense, and if so, how great an impact, was undertaken by the Court of Appeals, *Adams,* supra. We assume that, if the analysis had not been undertaken, the State would have averred as much in its Petition.