swift 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-210-CR





JOHN LESLIE SWIFT II,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 35,836, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 




 The State charged by information that John Leslie Swift II drove an automobile
while intoxicated, a first offense. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). 
Over his plea of not guilty, a jury found Swift guilty. The trial court adjudged him guilty and
assessed punishment at confinement for two years, probated, and a $600 fine. Swift appeals. We
will affirm the judgment.

 Swift brings nine points of error. In two, he attacks the denial of his pretrial
motion to quash; the remainder raise evidentiary issues. In all nine points, Swift contends the trial
court's errors resulted in violations of his due-process rights under the fourth, fifth, sixth, and
fourteenth amendments to the United States Constitution, U.S. Const. amends. IV, V, VI, XIV,
as well as his due-course-of-law rights under article I, sections 9 and 10, of the Texas
Constitution, Tex. Const. art. I, §§ 9, 10. 

 A point of error claiming both violations of the United States and Texas
Constitutions is multifarious. Stoker v. State, 788 S.W.2d 1, 18 n.14 (Tex. Crim. App. 1989), 
cert. denied, 111 S. Ct. 371 (1990). Such points of error are improper and present nothing for
review. Id. at 18; see also McCambridge v. State, 712 S.W.2d 499, 502 n.9 (Tex. Crim. App.
1986), cert. denied, 495 U.S. 910 (1990). In the interest of justice, however, and because Swift
provided, in argument under his first two points of error, some authority as to the protection
afforded by the Texas Constitution, we will address his complaints alleging violations of his state
constitutional due-process rights. He has not briefed and, therefore, has waived consideration of
his complaints based on the alleged violation of his federal constitutional due-process rights.

 The information charged Swift with driving while "not having the normal use of
mental or physical faculties by reason of the introduction of alcohol and/or a controlled substance
and/or drugs and/or a combination of two or more of those substances . . . and/or having an
alcohol concentration of 0.10 or more." This language tracks the definitions of intoxication
provided in the statute under which Swift was charged. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(a)(2)(A), (B) (West Supp. 1993). 

 In his first two points of error, Swift contends the trial court erred in denying his
motion to quash the complaint and information. Specifically, Swift contends the information
impermissibly alleged the offense of driving while intoxicated through the use of disjunctive
definitions, a violation of the notice guarantee under article I, section 10, of the Texas
Constitution. In support of his first two points of error, Swift cites State v. Carter, 810 S.W.2d
197 (Tex. Crim. App. 1991), and Garcia v. State, 747 S.W.2d 379 (Tex. Crim. App. 1988). In Carter and Garcia, the Court of Criminal Appeals held informations that failed
to allege any type of intoxicant did not provide the accused with adequate notice of the charge. 
However, the court stated that, consistent with the constitutional guarantee of adequate notice, the
state may allege "in the conjunctive or disjunctive, any and all of the statutorily-defined types of
conduct regarding the offense." Carter, 810 S.W.2d at 199; see also Garcia, 747 S.W.2d at 381. 
We overrule Swift's first two points of error.

 Swift's remaining points of error, besides being multifarious, are inadequately
briefed in that he provides no authority in support of his arguments. See Tex. R. App. P. 74(f);
Morehead v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991). We overrule points of
error three through nine.

 The State brings three points of error attacking the charge that the trial court
submitted to the jury. See Tex. Code Crim. Proc. Ann. art. 44.01(c) (West Supp. 1993). Having
overruled all of Swift's points of error, we need not address those brought by the State.

 We affirm the judgment of the trial court.



 

 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: June 9, 1993

[Do Not Publish]