**Brian Travis SAATHOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1463–93.

Court of Criminal Appeals of Texas, En Banc.

Nov. 16, 1994.

Petition for Discretionary Review Denied Jan. 25, 1995.

Charles D. Butts, James P. Sieloff, San Antonio, for appellant.

Rogelio F. Munoz, Dist. Atty., Uvalde, Robert Huttash, State's Atty. & Matthew W. Paul, Asst. State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

The issue before this Court is whether an indictment alleging involuntary manslaughter under V.T.C.A. Penal Code, § 19.05(a)(2),[1]

---

1. Section § 19.05 stated in pertinent part:
   A person commits an offense if he:
      *    *    *    *    *    *
   (2) by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat

while intoxicated and, by reason of such intoxication, causes the death of an individual.
   (b) For purposes of this section, "intoxicated" has the meaning assigned that term by

must specify which definition of intoxication the State intends to prove at trial.[2] The trial court denied Appellant's motion to quash, by which he sought notice of the type of intoxication the State would seek to prove.[3] A jury convicted Appellant of involuntary manslaughter and the trial court assessed punishment at confinement for seven years, probated. The Court of Appeals reversed the conviction after finding that the State must specify which definition(s) of intoxication it sought to prove. *Saathoff v. State*, No. 04-93-00261-CR (San Antonio, delivered November 10, 1993). We granted the State's petition to determine whether an indictment alleging involuntary manslaughter under § 19.05(a)(2), like the offense of driving while intoxicated (DWI), requires the State to allege the statutory definition(s) of intoxication it seeks to prove.[4] We also granted review to decide whether, if the indictment failed to provide sufficient notice, the Court of Appeals erred in failing to conduct a harm analysis as required by *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986).

The State contends the Court of Appeals' opinion conflicts with this Court's opinion in *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App. 1988), which the State claims established a dichotomy for pleading requirements between DWI and involuntary manslaughter. In *Garcia* this Court held that in the face of a motion to quash, an information charging DWI must allege the type of intoxicant used to accomplish the prohibited conduct. See V.A.C.S., Article 6701*l*-1(a)(2)(A).[5] The

State relies on a discussion in *Garcia* in which this Court attempted to distinguish involuntary manslaughter cases from DWI cases by noting the involuntary manslaughter cases had held allegations of the type of intoxicant were unnecessary because involuntary manslaughter required the act of driving while intoxicated *and* a death accidentally caused by such driving and permitted proof of the use of *any* intoxicant while the DWI statute specifically limited the type of intoxicant. *Garcia*, 747 S.W.2d at 381. Thus, the substance used to produce intoxication was essentially evidentiary in an involuntary manslaughter case. *Ibid.*

In the instant case the Court of Appeals relied on another DWI case, *State v. Carter*, 810 S.W.2d 197 (Tex.Cr.App.1991), and did not mention *Garcia*. In *Carter* this Court held that in the face of a motion to quash, the information must allege which definition(s) of intoxication contained in Art. 6701*l*-1(a)(2) the State would seek to prove at trial. The Court of Appeals followed *Carter* and reasoned that because involuntary manslaughter under § 19.05(a)(2) requires proof of a defendant's conduct of operating a motor vehicle while intoxicated, as does DWI, then the definition(s) of intoxication was an element of involuntary manslaughter and a part of the defendant's conduct for involuntary manslaughter just as it was for DWI. Therefore, the Court of Appeals concluded that the State should have specified which definition(s) of intoxication was part of the prohib-

---

Subsection (a), Article 6701*l*-1, Revised Statutes.

2.  Article 6701*l*-1 in pertinent part stated:
    (2) "Intoxicated" means:
    (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
    (B) having an alcohol concentration of 0.10 or more.

3.  In his motion to quash Appellant contended he was entitled to notice both of what substance(s) he ingested to become intoxicated, see *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App.1988), and of which theory of intoxication, either loss of normal mental or physical faculties, or alcohol concentration of .10 or more, see *State v. Carter*, 810 S.W.2d 197 (Tex.Cr.App.1991). The court of ap-

peals addressed the latter contention only, and reversed. Whether the trial court erred in failing to grant appellant's motion to quash based on the former contention is, therefore, not before us.

4.  Effective September 1, 1994, DWI and involuntary manslaughter involving intoxication have been amended and recodified in Chapter 49 of the Penal Code. See §§ 49.01, 49.04, and 49.08. The "new" offenses are essentially the same as the predecessors.

5.  Art. 6701*l*-1(a)(2)(A) stated:

    (2) "Intoxicated" means:
    (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body.

ited conduct it sought to prove for involuntary manslaughter.

We agree with the reasoning of the Court of Appeals in following *Carter*, that an indictment alleging involuntary manslaughter under § 19.05(a)(2), upon proper request, must allege the definition(s) of intoxication the State seeks to prove. Extending the reasoning of *Carter* to involuntary manslaughter under § 19.05(a)(2) is logical. DWI can be committed by operating a motor vehicle in a public place while intoxicated. Involuntary manslaughter under § 19.05(a)(2) includes most of those elements necessary for DWI, namely operating a motor vehicle while intoxicated. In *Carter* we determined that intoxication for DWI is part of the prohibited conduct the State must prove and allege if requested. Intoxication as an element of involuntary manslaughter is, in the same manner as for DWI, part of the prohibited conduct the State must prove under § 19.05(a)(2). Therefore, if properly requested, the definition(s) of intoxication required for involuntary manslaughter must be alleged in the indictment.

Further, whatever the merits of the reasoning in *Garcia* for distinguishing DWI and involuntary manslaughter for pleading purposes, such reasoning is inapplicable under the involuntary manslaughter statute for which Appellant was prosecuted. The cases upon which *Garcia* relied concerning involuntary manslaughter did not define intoxication in accord with the DWI statute. The involuntary manslaughter statute under which Appellant was convicted, as well as the new, current statute, define intoxication in accord with the definition for DWI. See former § 19.05(a)(2), (b) and current § 49.01. Accordingly, *Garcia*'s distinction is no longer valid.

The State also argues that *Carter* and *Garcia* are wrong in holding that "intoxication" is an act or omission. The State contends the gravamen of DWI is the *act* of driving while in the *state* or *condition* of intoxication; the gravamen of involuntary manslaughter is the *act* of driving while in a *state* or *condition* of intoxication and thereby killing another. Therefore, the State asserts that since "intoxication" is not an act or omission it need not be further defined upon proper request.

We addressed this issue in *Carter* and reaffirm that holding. The basic principles of notice concerning pleading requirements are well-established. Article I, § 10, of the Texas Constitution provides in relevant part that in "criminal prosecutions the accused ... shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." This constitutional provision is the basis for the requirement that a charging instrument must give a defendant sufficient notice so as to enable him to prepare his defense. In *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Cr.App.1980), this Court stated that "language concerning the defendant's conduct" must not be so vague or indefinite so as to deny a defendant notice of the acts he allegedly committed. Notice must be given of the acts or omissions allegedly committed by a defendant. *Thomas*, 621 S.W.2d at 164; *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Cr.App.1980). Thus, if the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish. *Ferguson*, 622 S.W.2d at 851.

The State interprets act or omission too narrowly in the context of what constitutes sufficient notice to a defendant. Several cases illustrate this Court's interpretation. In *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977), the defendant was charged with driving while license suspended. This Court held the defendant's motion to quash should have been granted, notifying him of the particular statutory reason for the suspension. Like DWI, the act was driving. However, the prohibited conduct was driving while license suspended. The defendant was entitled to know what specific statutory violation the State sought to prove that made his act of driving an offense.

In *Garcia* we held a defendant was entitled, in the face of a motion to quash, to notice of the kind of intoxicant the State sought to prove in a DWI case. Comparing the statutory definition listing different intoxicants to the statutory definition of delivery

addressed in *Ferguson,* this Court stated that for each statute, the prohibited conduct could be accomplished in several different ways. The defendant was entitled to know which kind of statutorily defined intoxicant the State sought to prove was the basis for the intoxication which made the driving an offense.

In *Geter v. State,* 779 S.W.2d 403 (Tex.Cr. App.1989), this Court decided a defendant was entitled to more specific information on the allegation of "effective consent" in a theft case because, like *Garcia,* the means of accomplishing the prohibited conduct was dependent upon the act or omission of the defendant. The indictment alleged the act of appropriation. However, the means of accomplishing the appropriation that made it an offense in the particular case required the State to specify which statutory method(s) of "without effective consent" applied to show the negation of consent.

Finally, in *Carter* we noted that a defendant is entitled to further notice upon proper request if the language "concerning [his] conduct is so vague or indefinite as to deny him effective notice of the behavior in which he allegedly engaged." *Carter,* 810 S.W.2d at 199. This Court characterized the offense of DWI as two types of offenses—the "loss of faculties" offense and the per se offense. Thus, the prohibited conduct of the defendant could be proved by showing the defendant drove while not having the normal use of faculties because of use of certain specified intoxicant(s) and/or by showing the defendant drove while having an alcohol concentration of 0.10 or more in his blood, breath, or urine. Since both means of accomplishing the prohibited conduct, driving while intoxicated, are statutorily defined, a defendant is entitled, upon proper request, to notice of which means of intoxication the State seeks to prove.

In sum, in accord with *Carter,* we hold the definition(s) of intoxication is an element of involuntary manslaughter under § 19.05(a)(2) and is part of the prohibited conduct that the State seeks to prove. Therefore, it must be alleged in the charging instrument upon proper request.

 The last issue we address concerns the ramifications of the trial court's refusal to grant Appellant's motion to quash. The State contends the Court of Appeals erred by failing to conduct an analysis for prejudice as required by *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986). In *Adams* we held that a defect in notice must prejudice the substantial rights of a defendant before reversal is warranted. In the instant case, after finding a notice defect in the indictment, the Court of Appeals failed to review the record for prejudice to Appellant's substantial rights. Accordingly, we vacate the judgment of the Court of Appeals and remand this case to that court to perform an *Adams* analysis.

McCORMICK, P.J., and WHITE, J., dissent.