**The STATE of Texas, Appellant**

v.

**Daniel Puga FLORES, Appellee.**

No. 841–94.

Court of Criminal Appeals of Texas.

March 22, 1995.

No attys. on appeal, for appellee.

Wiley L. Cheatham, Dist. Atty., Cuero, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

The trial court granted appellee's motion to quash the first paragraph of the indictment charging him with involuntary manslaughter because it failed to allege the form of intoxicant the State intended to prove at trial. The State appealed and the Court of Appeals affirmed. *State v. Flores*, 878 S.W.2d 651 (Tex.App.—Corpus Christi 1994). The State filed a petition for discretionary review, contending the Court of Appeals' opinion conflicts with this Court's opinion in *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim. App.1988). The State argues that *Garcia* distinguished involuntary manslaughter from DWI cases, indicating that the type of intoxicant need not be alleged in involuntary manslaughter cases.

We recently addressed this exact issue in *Saathoff v. State*, 891 S.W.2d 264 (Tex.Crim. App.1994), *reh'g denied* (Jan. 25, 1995), where the State asserted the same claim as

the State asserts in the instant case. We rejected the State's claim, holding that an indictment alleging involuntary manslaughter under Tex.Penal Code Ann. § 19.05(a)(2), upon proper request, must allege the intoxicant the State seeks to prove. *Saathoff,* at 265–66. We additionally held that the distinction made in *Garcia* is no longer valid under the current statute. *Id.* at 266.

Accordingly, we summarily grant the State's petition for discretionary review and affirm the judgment of the Court of Appeals. *Saathoff,* supra.