JUAN JOSE DIAZ V. THE STATE OF TEXAS

NO. 07-00-0031-CR

IN THE COURT OF APPEALS FOR THE

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 31, 2000

______________________________

JUAN JOSE DIAZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B-13330-9902; HON. EDWARD SELF, PRESIDING

_____________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Juan Jose Diaz (appellant) appeals from a final judgment convicting him of driving while intoxicated.  His sole point of error concerns whether the indictment alleged an offense sufficient to vest the court with jurisdiction over the cause.  We hold that it did and affirm.
(footnote: 1)
 The indictment in question alleged, among other things, that appellant did “unlawfully, while intoxicated, drive and operate a motor vehicle in a public place, to wit: a public road . . . .”  Because the manner and means by which he was intoxicated went unmentioned, appellant contends that the indictment failed to allege an offense as required by art. V, § 12(b) of the Texas Constitution and, having allegedly failed to aver an offense, it did not vest the trial court with jurisdiction.  

Admittedly, the manner and means by which one became intoxicated (
i.e.,
 the type of intoxicant used) is an element of the offense known as driving while intoxicated.  
Garcia v. State
, 747 S.W.2d 379, 381 (Tex. Crim. App. 1988).  Being an element, its omission from the charging instrument rendered that instrument fundamentally defective, 
at one time
.  
Studer v. State
, 799 S.W.2d 267-69 (Tex. Crim. App. 1990).  Yet, that is no longer true for while the omission of an element still renders the indictment defective, it is incumbent upon the appellant to complain of the defect prior to trial.  
Id.
 at 268-72; 
accord, State v. Carter
, 810 S.W.2d 197, 200 (Tex. Crim. App. 1991) (holding that “in the face of a motion to quash” the state must allege which definition of intoxication it intends to prove).  In other words, the defect is no longer jurisdictional, nor is it tantamount to the failure to allege an offense.  
Studer v. State
, 799 S.W.2d at 268-72.  And, should the accused fail to complain of it prior to trial, then it is waived.  
Id.
   

Here, the omission of any reference to the manner in which appellant became intoxicated rendered the indictment defective.  But, the defect failed to deprive the trial court of jurisdiction over the action.  
Studer v. State
, 
supra
.  Furthermore, appellant did not complain about the defect via a motion to quash or like instrument before trial.  Instead, he waited until the end of the guilt-innocence phase of the proceeding and then mentioned it via an objection to the court’s charge.  In being raised in such a belated manner, however, it was waived.  
Id
.

In short, the indictment alleged an offense over which the trial court had jurisdiction.  Accordingly, we reject appellant’s issue and affirm the judgment.

Brian Quinn

   Justice

Do not publish.     

FOOTNOTES
1:
1
 The State did not favor us with an appellee’s brief, and the deadline in which it was required to do so has lapsed.  Nor did it move for an extension of the deadline.  Accordingly, we submit the cause solely on the record before us and the appellant’s brief.