In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-336 CR


____________________



THE STATE OF TEXAS, Appellant



V.



STEPHEN GREGORY BARBERNELL, Appellee






On Appeal from the County Court at Law No. 1 


Montgomery County, Texas


Trial Cause No. 05-209796-01






O P I N I O N


 The State appeals from the trial court's order granting appellee Stephen Gregory
Barbernell's motion to quash the information for the offense of driving while intoxicated. 
See Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003); Tex. Code Crim. Proc. Ann. art.
44.01(a)(1) (Vernon 2006).

 The State charged Barbernell by information with misdemeanor driving while
intoxicated, alleging that "on or about APRIL 30, 2005, in Montgomery County, Texas,
STEPHEN GREGORY BARBERNELL . . . , while operating a motor vehicle in a public
place, was then and there intoxicated[.]" See Tex. Pen. Code Ann. § 49.04(a). Barbernell
filed a motion to quash the information, maintaining it failed to provide him with adequate
notice of which of the two manners and means of committing DWI, enumerated in the Texas
Penal Code, the State intended to prove. See Tex. Pen. Code Ann. § 49.01(2) (Vernon
2003). The State appeals from the trial court's order granting Barbernell's motion to quash. 
We affirm.

 We review the trial court's ruling on Barbernell's motion to quash de novo because
the sufficiency of an indictment is a question of law which does not turn on an evaluation of
the credibility and demeanor of a witness. See State v. Moff, 154 S.W.3d 599, 601 (Tex.
Crim. App. 2004). "A person commits an offense [of driving while intoxicated] if the person
is intoxicated while operating a motor vehicle in a public place." Tex. Pen. Code Ann. §
49.04(a). Intoxicated is defined as "not having the normal use of mental or physical faculties
by reason of the introduction of" an intoxicant or "having an alcohol concentration of 0.08
or more." Id. § 49.01(2).

 The State argues the trial court erred in granting Barbernell's motion to quash the
information because the means of intoxication is merely an evidentiary matter that the State
is not required to plead. Barbernell contends that under the Court of Criminal Appeals'
decision in State v. Carter, 810 S.W.2d 197 (Tex. Crim. App. 1991), in the face of a timely
filed motion to quash, a charging instrument alleging DWI must allege which definition(s)
of "intoxicated" the State will rely on at trial. Id. at 200.

 Generally, definitions of the terms and elements of an offense are essentially
evidentiary and need not be alleged in the charging instrument. Thomas v. State, 621 S.W.2d
158, 161 (Tex. Crim. App. 1981) (en banc) (op. on reh'g). However, if a statute provides
more than one way for the defendant to commit the act or omission, then on timely request
the State must allege the manner and means it seeks to establish. Ferguson v. State, 622
S.W.2d 846, 851 (Tex. Crim. App. 1981) (en banc)(op. on reh'g). This exception ensures
a defendant is put on notice as to what behavior he allegedly engaged in so that he can
properly prepare a defense to that allegation. Id. 

 In Garcia v. State, 747 S.W.2d 379, 381 (Tex. Crim. App. 1988), the Court held that
in the face of a motion to quash, a charging instrument in any DWI prosecution must specify
the type(s) of intoxicants statutorily enumerated (alcohol, a controlled substance, a drug, or
a combination thereof) allegedly used by the defendant. The Court then extended Garcia in
Carter and held that, in the face of a timely motion to quash, a charging instrument alleging
DWI must allege not only which types of the statutorily enumerated intoxicant the defendant
used, but also which definition(s) of "intoxicated" the State will rely on at trial. Carter, 810
S.W.2d at 200. 

 In 2004, the Court of Criminal Appeals disavowed part of Garcia in Gray v. State,
152 S.W.3d 125, 132 (Tex. Crim. App. 2004), and held that the substance that causes
intoxication is not an element of the offense because it is not the forbidden conduct, the
required culpability, any required result, or the negation of any exception to the offense, but
is an evidentiary matter. 

 The State maintains the Court's reasoning in Gray "extends to the entire definition of
the term 'intoxicated,' not just the portion delineating the various intoxicants," and thereby
disavows Carter. Barbernell argues Gray only eliminated the type of intoxicant from being
an element of the offense and did not address the expanded holding of Carter requiring the
State to also allege which definition(s) of "intoxicated" the State will rely on at trial. 
Because Gray does not expressly address Carter's holding requiring the State to also allege
which definition(s) of "intoxicated" the State will rely on, we must determine whether the
Court's reasoning in holding that the various intoxicants are not elements of the offense
extends to the entire definition of the term "intoxicated."

 In Gray, the Court of Criminal Appeals found three problems with Garcia's holding
that the type of intoxicant was an additional element of a DWI offense. Gray, 152 S.W.3d
at 132. First, the Court stated that the notion that the type of intoxicant was an additional
element contradicts the statutory definitions of what constitutes an element of the offense. 
Id. Texas Penal Code section 1.07(a)(22) defines the elements of an offense to be "the
forbidden conduct; the required culpability; any required result; and the negation of any
exception to the offense." Tex. Pen. Code Ann. § 1.07(a)(22) (A) - (D) (Vernon Supp.
2006). The specific elements of misdemeanor DWI are: (1) a person (2) is intoxicated (3)
while operating (4) a motor vehicle (5) in a public place. Gray, 152 S.W.3d at 131; see also
Tex. Pen. Code Ann. § 49.04(a). The Court found that the intoxicant does not qualify as an
element and concluded that "[t]he mere fact that the DWI statute separately defines
intoxication does not automatically elevate the intoxicant to the status of an element of the
offense." Id. at 132. This argument does not apply to Carter's holding requiring the State,
when faced with a timely request, to allege which definition(s) of "intoxicated" on which the
State will rely. Intoxication, unlike the intoxicant(s), is an element of the offense. Under
Ferguson, when the "act or omission by a defendant is statutorily defined, [and the]
definition provides for more than one manner or means to commit that act or omission, then
. . . the State must allege the particular manner or means it seeks to establish" upon the
defendant's timely request. Ferguson, 622 S.W.2d at 851. While the "intoxicant" is not the
act or omission by the defendant, "intoxication" is the act or omission and therefore, the
manner or means to commit intoxication the State intends to rely on, under Ferguson, must
be alleged if the defendant so timely requests. See id.

 Second, the Court found Garcia's holding that the type of intoxicant as an additional
element conflicted with its holding in Ex parte Luna, 784 S.W.2d 369 (Tex Crim. App.
1990). Gray, 152 S.W.3d at 132. In Luna, the Court held that definitions of "unlawfully"
in the theft statute were not essential elements of theft, but were evidentiary matters that need
not be alleged. Id. (citing Luna, 784 S.W.2d at 371). In discussing its holding in Luna, the
Court stated in Gray that "[l]ike the theft statute, the DWI statute defines 'intoxicated,' but
that does not mean that the various intoxicants are elements of the offense. Instead, they are
descriptive terms." Id. The manner and means of intoxication provided in Texas Penal Code
section 49.01(2), however, are not merely descriptive terms, and under Ferguson, are
required to be alleged if the State intends to rely on them singularly or in the conjunctive. 
Ferguson, 622 S.W.2d at 851. 

 Finally, the Court found Garcia's holding making the intoxicant an element of the
offense constituted bad public policy. The Court stated the following:

 We agree with the State that permitting defendants to "secure an acquittal
merely by proving an alternative intoxicant" constitutes "an abuse of the
system . . . contrary to the plain meaning of the DWI statute, which focuses on
the acts of the defendant while intoxicated rather than the act of becoming
intoxicated itself." 


Gray, 152 S.W.2d at 132. Requiring the State to allege the manner and means of intoxication
does not, in contrast, defeat the intent of the statute by focusing on the act of becoming
intoxicated itself. 

 We read Gray's holding as eliminating only the type of intoxicant as an element of
the offense. We do not interpret Gray's holding to extend to the entire definition of the term
"intoxicated." Because the State failed to provide sufficient notice to inform Barbernell of
which definition(s) of "intoxicated" the State would rely on at trial upon his timely request,
the trial court did not err in granting Barbernell's motion to quash. See Carter, 810 S.W.2d
at 200. The State's sole issue on appeal is overruled. The trial court's order granting
Barbernell's motion to quash the information is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on April 19, 2007

Opinion Delivered April 25, 2007

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.

CONCURRING OPINION



 I agree with the State that whether one becomes intoxicated through the loss of his
normal faculties, or by having a blood alcohol content greater than .08 is an evidentiary
matter and should not, as a result, be required to be stated in the indictment. However, the
Court of Criminal appeals has not yet chosen to overturn its opinion in Garcia v. State, 747
S.W.2d 379 (Tex. Crim. App. 1988), which requires the State, upon the defendant's filing
of a motion to quash, to re-indict the defendant and notify him whether it intends to rely on
a "per se" theory, an impairment theory, or both. I concur in the result because I cannot agree
with the majority's explanation that attempts to reconcile the Court of Criminal Appeals
opinion in Gray v. State, 152 S.W.3d 125 (Tex. Crim. App. 2004) with its reasoning in
Garcia. However, we are not free to disregard an opinion of the Court of Criminal Appeals
that is directly on point. As a result, I concur that the trial court's order to quash the
information must be affirmed.


 ____________________________

 HOLLIS HORTON

 Justice


Concurrence Delivered

April 25, 2007