

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00320-CR

Antoine Romel **ARMSTRONG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kimble County, Texas
Trial Court No. 2011-DCR-0196
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED

Antoine Romel Armstrong appeals his conviction for the offense of money laundering, contending the trial court erred in denying his motion to quash the indictment. After the trial court denied the motion to quash, Armstrong pled guilty and was sentenced to ten years of confinement. We affirm the trial court's judgment.

The indictment charged that Armstrong "on or about [] September 10, 2010, . . . knowingly acquired or maintained an interest in, concealed, possess[ed], transferr[ed], or transport[ed] proceeds of criminal activity to-wit: delivery of controlled substance, and the value

of said funds was $20,000.00 or more but less than $100,000.00." In one issue on appeal, Armstrong argues that the indictment fails to allege with sufficient specificity the felony offense of money laundering.

When resolving a question of law that does not turn on an evaluation of witness credibility and demeanor, we conduct a de novo review. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Thus, we review the sufficiency of the indictment de novo. *Id.*

Under both the United States and the Texas Constitutions, an accused has the right to be informed of the nature and cause of the charges against him. U.S. CONST. amend.VI; TEX. CONST. art. I, § 10. In determining whether a charging instrument alleges an offense, we consider whether the allegations, on the face of the indictment, are sufficiently clear to allow the accused to identify the offense alleged. *Teal v. State*, 230 S.W.3d 172, 180–81 (Tex. Crim. App. 2007). Generally, an indictment that tracks the statutory language defining an offense provides adequate notice to the accused of the nature of the charges against him. *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000); *Powell v. State*, No. 04-11-00495-CR, 2012 WL 3597199, at *2 (Tex. App.—San Antonio Aug. 22, 2012, no pet.). To give adequate notice, an indictment does not need to set forth facts that are "merely evidentiary in nature." *Mays v. State*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *see also Powell*, 2012 WL 3597199, at *2. However, in the face of a motion to quash, an indictment must provide more specific allegations "if the prohibited conduct is statutorily defined to include more than one manner or means of commission." *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994); *see also Powell*, 2012 WL 3597199, at *2.

A person commits the offense of money laundering if he knowingly acquires or maintains an interest in, conceals, possesses, transfers, or transports the proceeds of criminal activity. TEX. PENAL CODE ANN. § 34.02(a)(1) (West 2011). "Criminal activity" is defined as any offense that

is classified as a felony under the laws of this state or the United State or punishable by confinement for more than one year under the law of another state. *Id.* § 34.01(1) (West Supp. 2012). Under the statutory definition, the term "criminal activity" may refer to any one of hundreds of state and federal felony offenses. *See id.* The term may also include a myriad of manner or means of commission. *See id.* Thus, for an indictment alleging the offense of money laundering to be sufficient, it must set forth the offense the State contends is the relevant "criminal activity." *Deschenes v. State*, 253 S.W.3d 374, 378 (Tex. App.—Amarillo 2008, pet. ref'd).

In Armstrong's case, the indictment properly tracked the money laundering statute and further identified the "criminal activity" as "delivery of controlled substance." Armstrong argues that this language in the indictment "failed to describe the type or nature of the controlled substance, and failed to specify the quantity of the controlled substances." Thus, according to Armstrong, the indictment did not preclude the application of Texas Health and Safety Code, Chapter 481, Texas Controlled Substances Act, Section 481.119, which specifies that in certain cases, delivery of a controlled substance is a Class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.119 (West 2010). Because the indictment herein tracked the money laundering statute, which generally provides adequate notice to a defendant, the question is whether Armstrong was entitled to further notice to adequately prepare his defense. *Bynum v. State*, 767 S.W.2d 769, 779 (Tex. Crim. App. 1989). In other words, we consider whether his motion to quash sought facts that were essential to give adequate notice. *Id.*

In *Powell v. State*, No. 04-11-00495-CR, 2012 WL 3597199, at \*2 (Tex. App.—San Antonio Aug. 22, 2012, no pet.), this court recently upheld indictment language in a money laundering case that was identical to the language presented to us in this case. In *Powell*, the appellant argued this language did not reasonably inform him of the offense with which he was

charged. *Id.* In affirming the trial court's denial of his motion to quash, we explained that the statutory definition of "criminal activity" includes any offense that is classified as a felony. *Id.* at *3; *see also* TEX. PENAL CODE ANN.§ 34.01(1)(A) (West Supp. 2012). We therefore concluded that because the indictment listed the criminal activity of delivery of a controlled substance, it provided the appellant with notice of the offense sufficient to allow him to prepare a defense. *Id.*

We hold that the indictment herein, as in *Powell*, was sufficient to give notice that Armstrong was charged with the felony offense of money laundering. The indictment tracked the language of the statute and described the "criminal activity" (delivery of a controlled substance), which by its statutory definition means it is classified as a felony. TEX. PENAL CODE ANN. § 34.01(1)(A) (West Supp. 2012). Armstrong has cited no authority that would require the State to further describe the nature or amount of the controlled substance. We therefore affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish