

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0099-23

### JEMADARI CHINUA WILLIAMS, Appellant

**v.**

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### KERR COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, KEEL, SLAUGHTER and MCCLURE, JJ., joined. YEARY, J., filed a dissenting opinion. NEWELL, J., filed a dissenting opinion in which WALKER, J., joined.

Appellant's indictment alleged all of the statutory methods of committing the offense of aggravated promotion of prostitution. He filed a motion to quash, alleging that the State was required to specify which of several alternative ways of committing the offense the State would rely upon. Quoting from *State v. Ross*,[1] the court of appeals concluded that the State was required, upon

---

[1] 573 S.W.3d 817 (Tex. Crim. App. 2019).

timely request by the defense, to modify the indictment to allege which of the statutory methods the State sought to establish. We conclude that the court of appeals erred. The State is not required to elect between alternative statutory methods of committing an offense alleged in an indictment.

## I. BACKGROUND

### A. Trial

Appellant was indicted for aggravated promotion of prostitution.[2] The indictment alleged that he "did then and there knowingly *own, invest in, finance, control, supervise, or manage* a prostitution enterprise that used at least two prostitutes."[3] This indictment tracked the language of the statute.[4]

Appellant filed a pretrial motion to quash, arguing that the indictment failed to notify him which of the six possible methods of committing aggravated promotion of prostitution he was charged with. In his motion, he claimed that "when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it does not identify which of the statutory means it addresses."[5]

During argument in the trial court, defense counsel acknowledged that the words comprising

---

[2] *See* TEX. PENAL CODE § 43.04.

[3] Emphasis added.

[4] *Id.* § 43.04(a) ("A person commits an offense if he knowingly *owns, invests in, finances, controls, supervises, or manages* a prostitution enterprise that uses two or more prostitutes.") (emphasis added).

[5] The motion also argued that the statutory terms themselves needed to be defined. It contended that this was true because some of the terms can have the same meaning in ordinary usage ("invest in" or "finance"; "control," "supervise," or "manage") and needed to be defined further to comport with the "specific reason" the legislature included the term so as to give Appellant adequate notice.

the six methods of committing the offense "can be very interchangeable." He nevertheless argued

that the State needed to "narrow this down and specify which manner and means out of the six

possible options." Defense counsel continued:

> Does he own it? Does he control it? Does he supervise it or does he manage it? *Or is it all of the above?* They don't state that, and that lacks specificity for my client to be able to defend against this indictment sufficiently.[6]

Defense counsel concluded, "For us to defend against it, we have to go through and defend against

each one of these manner and means, and all they have to do is pick one and go after it, but we still

have to go after all six, and I think that's fundamentally unfair to my client."[7]

Defense counsel never claimed in the motion to quash or in argument before the trial court

that the six methods of committing aggravated promotion of prostitution were separate offenses.

The State responded that the indictment tracked the statutory language. The trial court denied

the motion to quash, and Appellant was convicted.

## B. Appeal

Appellant represented himself on appeal. One of his claims was that the trial court erred in

denying the motion to quash. Omitting citations, the following is his entire argument:

> Everything should be stated in an indictment which is necessary to be proved. The office and purpose of an indictment are to notify one of the offenses with which he is charged and the elements thereof, that he may properly prepare his defense. A defendant's right to notice undergirds the indictment requirements. An indictment that fails to specify the manner and means of committing the offenses is subject to a motion to quash. Nothing must be left to inference, or intendment, nor can it be added by intendment, and an "open-file" policy does not remedy deficiencies in an indictment. In a long line of cases, Texas courts have held that when the legislature

---

[6] Emphasis added.

[7] Defense counsel also argued, consistent with his motion, that the interchangeability of some of the statutory terms in ordinary language meant that the terms should be defined further.

defines the commission of an offense by more than one means, then the State is obliged to go beyond merely tracking the statutory language and specify in the charging instrument which of those means it intends to prove at trial, in order to satisfy the notice requirement.  Where the State failed to specify which of the six means of committing the offense in its indictment, the trial court erred in denying Appellant's motion to quash.[8]

* * *

A motion to quash must be granted if the facts sought are essential to giving notice to the defendant of the acts or omissions charged.  A pleading will supply adequate notice only if, in addition to setting out the elements of the offense, it also alleges specific manner and means of commission that the State intends to rely on at trial. Appellant's motion to quash should have been granted.[9]

As may be seen, Appellant's argument referred to the "manner and means" and the "six means" of committing the offense.  Appellant did not claim that the six methods of committing aggravated promotion of prostitution were separate offenses.

In response, the State again argued that the indictment tracked the language of the statute. And the State argued, "Because it included all six possible manner and means of committing the aggravated promotion of prostitution, the indictment gave sufficient notice to Appellant such that he could prepare a defense."

In addressing Appellant's claim, the court of appeals quoted the following maxim from *Ross*: "[I]f the prohibited conduct is statutorily defined to include more than one manner or means of commission, then the State must, upon timely request, allege the particular manner or means it seeks to establish."[10] The court of appeals construed that maxim to mean that the State had to pick one of

---

[8] Appellant's initial brief to the court of appeals.

[9] Appellant's reply brief to the court of appeals.

[10] *Williams v. State*, 668 S.W.3d 59, 66 (Tex. App.—San Antonio October 19, 2022) (op. on mot. for reh'g) (quoting *Ross*, 573 S.W.3d at 820).

the methods allowed by statute and alleged in the indictment.[11]  It so held solely as a matter of notice[12] and did not hold that the different statutory methods of commission were different offenses.[13]  Concluding that the trial court should have granted Appellant's motion to quash, the court of appeals reversed the conviction and remanded the case with instructions to dismiss the indictment.[14]

## II. ANALYSIS

### A. Separate offenses

Understanding the State's brief to implicitly raise the issue, Appellant argues in his brief that the six methods of committing aggravated promotion of prostitution are separate offenses.  But he did not raise this claim at the trial court or in the court of appeals.  To the contrary, his claim before both courts treated the six methods as alternative manners and means, and his argument was that there was a notice problem with the indictment not being specific enough.  Because he did not timely raise the separate-offenses issue to the trial court (failing in fact, to raise it at all), that issue has been forfeited.[15]  Even if it had not been forfeited at trial, the issue is not properly before us because

---

[11] *Id.* at 66-67 ("We conclude the prohibited conduct in section 43.04(a) is statutorily defined to include more than one manner or means of commission; that is, one can commit the offense by owning, investing in, financing, controlling, supervising, or managing a prostitution enterprise. . . . [B]ecause section 43.04(a) is statutorily defined to include more than one manner or means of commission, the statutory language is not 'completely descriptive' of the offense, and the trial court should have granted Williams's motion to quash.").

[12] *Id.* at 66.

[13] *Id.* at *passim*.

[14] *Id.* at 68-69.

[15] TEX. CODE CRIM. PROC. art. 1.14(b) ("If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial

Appellant did not raise it in the court of appeals, and that court did not resolve the issue on its own.[16]

Consequently, we will assume that the six methods of committing aggravated promotion of prostitution are alternative methods of committing the same offense.

### B. Specificity of the Indictment Allegations

Turning now to what the court of appeals did decide, we conclude that it misconstrued the quotation in *Ross*. This is perhaps understandable given how rare it has been for the maxim at issue to decide the outcome of a case. The statement that the State must specify the particular statutory method on which it will rely appears to be *dicta* in every case in the last three decades other than in

---

on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). *See also Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990). Contrary to the claim in Judge Yeary's dissent, Appellant did not raise at trial a claim that the different methods of committing aggravated promotion of prostitution were different offenses. Our conclusion that he failed to do so is not based solely on an isolated reference to "manner and means" but is based on the entirety of his argument to the trial court. The whole thrust of his contention was that the charging instrument was not *specific* enough, not that it involved the misjoinder of multiple offenses within a single count. And contrary to the dissent's contention, our holding creates no risk of resolving this case incorrectly or muddling our jurisprudence. Appellant forfeited the claim that the dissent wishes to reach, so reversible error cannot be predicated on that claim. Requiring a court of appeals to address a non-jurisdictional claim that was never before it would seem more likely to muddle our jurisprudence.

[16] *See Osorio-Lopez v. State*, 663 S.W.3d 750, 757 (Tex. Crim. App. 2022) (We generally review only issues addressed by the court of appeals; an exception exists when there is a remaining issue and the proper resolution of that issue is clear); *Martell v. State*, 663 S.W.3d 667, 672 (Tex. Crim. App. 2022) (An appellee, as the "winner" in the trial court, may raise claims supporting the trial court's ruling for the first time on discretionary review); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) ("[A]ppellate courts may review unassigned error—a claim that was preserved in the trial court but was not raised by either party on appeal."). Appellant acknowledges that the court of appeals's discussion assumed that the six methods were simply mere statutory manners that did not create separate offenses. This presents another obstacle to reviewing a "separate offenses" claim. Appellant did not raise this claim on appeal, so the court of appeals had no obligation to address it, and because the court of appeals did not err in failing to address the claim, there is no basis for us to remand the case to it to do so. Judge Yeary's dissent does not address the fact that the "separate offenses" claim was not raised in the court of appeals.

cases that have been overruled.[17] In *dicta*, the actual proposition of law has been stated loosely. To understand the full context of the maxim, one needs to look at how statutory definitions are generally treated and at how *Ferguson v. State*[18] developed this maxim[19] as an exception to that treatment.

When a statutory term or element is further defined by statute, the charging instrument does not ordinarily need to allege the definition.[20] "Typically the definitions of terms and elements are regarded as evidentiary matters."[21] But there is an exception to the general rule when the definition of the statutory term or element includes more than one manner or means of commission. That exception was articulated in *Ferguson*.[22]

In *Ferguson*, the indictment alleged that the defendant did "unlawfully, intentionally and knowingly deliver to Jerry Powell, a controlled substance, namely Heroin."[23] The definition of the

---

[17] *See Ross*, 573 S.W.3d at 821 (observing that the statute at issue "is not statutorily defined to incude more than one manner or means of commission" so "that requirement is not implicated in this case"); *State v. Jarreau*, 512 S.W.3d 352, 355 (Tex. Crim. App. 2017) (although it said that State must allege the method of delivery, the issue in the case was whether the State had to specify the device or drug definition of "dangerous drug," and it did not); *State v. Barbernell*, 257 S.W.3d 248, 255-56 (Tex. Crim. App. 2008) (holding that State did not have to allege method of intoxication, overruling *Carter v. State*, 810 S.W.2d 197 (Tex. Crim. App. 1991) and by implication *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994), which followed *Carter*, and *State v. Flores*, 896 S.W.2d 198 (Tex. Crim. App. 1995), which followed *Satthoff*).

[18] 622 S.W.2d 846, 849-51 (Tex. Crim. App. 1981) (op. on State's mot. for reh'g).

[19] *See Ross*, 573 S.W.3d at 820 n.15 (citing *Saathoff*, 891 S.W.2d at 266); *Saathaff*, 891 S.W.2d at 266 (citing *Ferguson*, 622 S.W.2d at 851); *Ferguson*, *supra*.

[20] *Barbernell*, 257 S.W.3d at 251.

[21] *Id.*

[22] *See id.* at 251 & n.31; *supra* at n.10.

[23] 622 S.W.2d at 849.

term "delivery" included "three different and distinct" statutorily possible meanings.[24] But the indictment failed to specify a particular kind of delivery.[25] The Court explained that, when an act or omission is statutorily defined and "that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish."[26] Then the Court indicated that the indictment would have been fine if *all* of the manner and means had in fact been alleged:

> We are aware of the State's argument that the State could allege all three types of delivery through disjunctive or conjunctive pleadings. The appellant, they contend, would be on no greater notice in the present case where only "delivery" was alleged. We do not agree. . . .[A]ssuming that the State did elect to allege each type of criminal conduct, the appellant would be on notice that all types of delivery were going to be shown, or were possibly going to be shown, and he could prepare his defense accordingly.[27]

The maxim articulated by *Ferguson* and later recited by *Ross* developed as an exception to the general rule that statutory definitions do not have to be included in a charging instrument. Even in that context, it can, at most, require that the State allege more detail in a charging instrument; it would never require the State to *abandon* a manner and means in the charging instrument. As long as the charging instrument specifies all the manner and means upon which the State is permitted to rely, there is no notice problem.

The judgment of the court of appeals is reversed, and the case is remanded to address Appellant's remaining points of error.

---

[24] *Id.* at 850.

[25] *Id.* at 849.

[26] *Id.* at 851.

[27] *Id.* (ellipsis and brackets added).

Delivered: January 10, 2024
Publish