Death Opinion








 





IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1635-12







THE STATE OF TEXAS


 

v.



MARK MERU, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY




 Alcala, J., filed a concurring opinion in which Womack and Cochran, JJ.,
joined.

 
 

CONCURRING OPINION

 The offenses of criminal trespass and burglary are two peas in a pod: they similarly
criminalize the act of entering on or in the property of another without consent. Because the
element of entry for both of these offenses is functionally equivalent, I respectfully disagree
with the majority opinion's analysis, the consequence of which is that, absent unrealistic
manipulation of pleadings by the State, criminal trespass, as a matter of law, will never be
a lesser-included offense of burglary. Unlike the majority opinion, I would hold that criminal
trespass, as a matter of law, is a lesser-included offense of burglary under the pleadings in
the indictment in this case. See Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)
("The first step in the lesser-included-offense analysis, determining whether an offense is a
lesser-included offense of the alleged offense, is a question of law."). (1) I, however, agree
with the Court's ultimate holding that the trial court did not err by denying the request for a
lesser-included-offense instruction on trespass because, as a matter of fact, there was no
evidence to show that Mark Meru, appellee, was guilty only of trespass. See id. at 536
(second step in lesser-included-offense analysis requires that facts in record establish lesser
offense as a valid, rational alternative to greater offense). I, therefore, respectfully concur
in the Court's judgment in this case. 

I. Analysis of the First Step for Lesser-Included-Offense Instructions 

 In its brief, the State "concedes that some cases and the Practice Commentary to the
1974 Penal Code do suggest that trespass is generally a lesser[-]included offense to
burglary." Within the past two years, this Court has reaffirmed that, as a matter of law based
on a comparison of the elements of the two offenses, criminal trespass can be a lesser-included offense of burglary. See Goad v. State, 354 S.W.3d 443, 446 (Tex. Crim. App.
2011) ("The offense of criminal trespass is established by proof of the facts of burglary of
a habitation as Goad was charged, less proof of the specific intent to commit theft."). 
Trespass has historically been viewed as differing from burglary only in the respect that
burglary includes the additional element of specific intent to commit a felony, theft or assault,
or an attempt or commission of a felony, theft or assault. See id. Both offenses require proof
that a defendant entered property of another without effective consent. Compare Tex. Penal
Code Ann. § 30.02(a)(1), (3) (person commits offense of burglary if he "enters" a habitation
or building "without the effective consent of the owner"), with id. § 30.05(a) (person
commits offense of criminal trespass if he "enters or remains" on or in property of another
without effective consent).

 I would hold, as this Court has for decades, that criminal trespass can be a lesser-included offense of burglary under an indictment that generally pleads entry without further
requiring the State to plead that term's definition because the element of entry for trespass
is functionally equivalent to that element for burglary. See Aguilar v. State, 682 S.W.2d 556,
558 (Tex. Crim. App. 1985) ("Criminal trespass can be a lesser included offense of burglary
of a building."); Day v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1976), overruled in
part by Hall, 225 S.W.3d at 537. This Court in Hall approved the "functional-equivalence
concept" as a valid component of the step-one lesser-included-offense analysis. McKithan
v. State, 324 S.W.3d 582, 587-88 (Tex. Crim. App. 2010). This Court's precedent permits
an instruction on a lesser-included offense when, although the elements of the lesser offense
differ from those of the greater offense, they are functionally equivalent. Id. at 588. For this
test, the "relevant inquiry is not what the evidence may show but what the State is required
to prove to establish the charged offense." Id. at 593. The functional equivalence test is
"synonymous with the concepts of 'necessary inclusion' or 'subsumption of elements.'" Id.
at 588 n.15 (quoting Evans v. State, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009)); see Hall,
225 S.W.3d at 535 (stating that "the elements of the lesser offense do not have to be pleaded
[in the indictment] if they can be deduced from the facts alleged in the indictment").

 In applying the "functional-equivalence" concept to the offenses of burglary and
trespass, this Court has previously held that a burglary indictment's failure to plead that a
defendant had notice that entry into a habitation was forbidden did not preclude him from
being entitled to a lesser-included-offense instruction on criminal trespass. Day, 532 S.W.2d
at 306 (holding that "the offense of criminal trespass is a lesser[-]included offense of all three
types of burglary," and stating generally that "the elements of criminal trespass, including
'notice,' could be established by proof of the same facts necessary to prove the offense of
burglary"). In Day, this Court explained that, even though criminal trespass contains an
additional element, notice, which is not contained in the offense of burglary, the notice
requirement "would be satisfied by proof of entry into the building" because notice can be
established by fencing or other enclosure obviously designed to exclude intruders. Id. More
than thirty years later, this Court held in Salazar v. State that the notice element of trespass
could be deduced from the elements of burglary of a habitation because a habitation, by its
nature, inherently gives notice that entry without consent is forbidden. 284 S.W.3d 874, 877-78 (Tex. Crim. App. 2009). In analyzing whether trespass could be a lesser-included offense
of burglary, this Court did not suggest in either Day or Salazar that the entry element of these
two offenses would not overlap under an indictment that generally pleaded entry into a
habitation or building. See Day, 532 S.W.2d at 306; Salazar, 284 S.W.3d 877-78. (2)

 The majority opinion focuses on the different definitions for "entry" as the basis for
concluding that, under the indictment in this case, trespass is not a lesser-included offense
of burglary because the indictment did not more particularly narrow entry to a complete
entry. The term "entry" is defined differently for the offense of trespass, which requires
"intrusion of the entire body," as opposed to the definition of that term for the offense of
burglary, which requires intrusion of "any part of the body" or "any physical object
connected with the body." Compare Tex. Penal Code Ann. § 30.02(b) (burglary), with id.
§ 30.05(b)(1) (trespass). Though entry has a slightly different definition in the two offenses,
the elements in the two statutes are functionally equivalent by targeting a person's
unauthorized entry onto property. Id. §§ 30.02(a); 30.05(a).

 Suggesting that the State can manipulate its burglary pleadings to allege that a
defendant entered a habitation by intrusion of the entire body, the majority opinion presents
a Trojan horse in an attempt to persuade us that it is really not abdicating Texas's historical
understanding that criminal trespass can be a lesser-included offense of burglary. Here, the
indictment alleged that appellee "did then and there, with intent to commit theft, enter a
habitation, without the effective consent" of its owner, the complainant. If, however, the
indictment had additionally alleged that the entry was with the defendant's whole body, then,
according to the majority opinion, criminal trespass could be a lesser-included offense, if the
evidence adduced at trial established criminal trespass as a valid, rational alternative to the
charged offense. The concurring opinion goes so far as to suggest that maybe a defendant
could file a motion to quash to require the State's indictment to more particularly allege
whether it intended to prove entry of a body part or of the whole person.

 "When a statutory term or element is defined by statute, the charging instrument does
not need to allege the definition of the term or element." State v. Barbernell, 257 S.W.3d
248, 251 (Tex. Crim. App. 2008). If, however, "the prohibited conduct is statutorily defined
to include more than one manner or means of commission, the State must, upon timely
request, allege the particular manner or means it seeks to establish." Id. (quoting Saathoff
v. State, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994)). This Court, for example, held in
Barbernell that a trial court should not quash a DWI information charging a defendant with
driving while intoxicated due to the State's failure to allege the definition of "intoxicated"
that it intended to prove at trial because the definitions of "intoxicated" are evidentiary. Id.
at 256. Under this Court's reasoning in Barbernell, the State would not be required to more
narrowly plead the term "entry" because that term is statutorily defined and any more narrow
focus of the term would be purely evidentiary. See id. It is true that the State may always
increase its burden of proof, if it chooses, by more narrowly pleading the terms in the
indictment, but a defendant would not be able to succeed in any motion to quash based on
a claim that the State's pleading was inadequate for failing to define entry to conform to the
evidence the State intended to introduce at trial. See id.; Curry v. State, 30 S.W.3d 394, 398
(Tex. Crim. App. 2000) (stating that "[a]n indictment is generally sufficient to provide notice
if it follows the statutory language," and State "need not plead evidentiary matters").

 And, so, it is time to welcome the Trojan horse. It is true that, after this Court's
decision today, there may be a prosecutor somewhere in Texas who decides that he wants to
elevate his burden of proof by more particularly pleading the element of entry in a burglary
case so that he and the defendant will have the option of getting a lesser-included offense
instruction on criminal trespass. But I seriously doubt that this will be the situation in most
cases, and, in examining the implications of a particular holding from a policy perspective,
courts should focus on the common, usual situation rather than on the extreme or bizarre one. 
The reality is that the State will continue to plead burglary cases by tracking the elements in
the Texas Penal Code, just as it always has, and just as it did in this case. And, therefore,
based on those pleadings, this Court's decision will have the actual consequence that criminal
trespass will no longer be a lesser-included offense of burglary in virtually all cases.

 In light of this Court's historical understanding that criminal trespass is the
functionally equivalent lesser-included offense of burglary, I conclude that, under the
indictment in this case that generally pleads entry without further defining that term, criminal
trespass is, as a matter of law, a lesser-included offense of burglary. I would hold, therefore,
that appellee established the first step for demonstrating his entitlement to a lesser-included-offense instruction. See Hall, 225 S.W.3d at 535.

II. Analysis of the Second Step for Lesser-Included-Offense Instructions

 I agree with this Court's judgment that the trial court did not err by denying appellee's
request for a lesser-included-offense instruction on criminal trespass because appellee has
failed to show that there is any evidence that would support the second required step for
obtaining that instruction. See Hall, 225 S.W.3d at 535 (describing second step as inquiring
as to "whether there is some evidence adduced at trial to support such an instruction"). No
evidence in this case shows that criminal trespass is a valid, rational alternative to burglary,
as a matter of fact. The complainant heard a "thud" at his door and then went to his front
door, where he saw that its molding had been broken by someone pushing or kicking in the
door. The complainant then saw appellee walking from his door and approached appellee. 
Appellee told the complainant that he had tried to scare someone away who had been on the
complainant's patio. Although this evidence supports a partial entry of appellee's body, it
fails to establish that appellee intruded with his entire body, which is required to establish the
offense of trespass. See Tex. Penal Code Ann. § 30.05(b)(1). Appellee has failed to
establish that trespass, under the evidence presented in this case, is a "valid, rational
alternative" to burglary. Hall, 225 S.W.3d at 536. The trial court, therefore, properly
declined to instruct the jury on the lesser-included offense of trespass.

 III. Conclusion

 This case has serious implications for both the State and defendants in all future
burglary cases. Although historically considered to be two peas in a pod, after today, trespass
is no longer a lesser-included offense of burglary under an indictment that generally pleads
the element of entry. This decision turns the two peas into pea soup, a dense fog that will
obscure the law for judges who must determine whether the State has manipulated pleadings
in an indictment to conform to the anticipated evidence in the case. Because the majority
opinion is contrary to the historical understanding that trespass is the functionally equivalent
lesser-included offense of burglary, I respectfully concur in the Court's judgment.

Filed: November 27, 2013

Publish.
1. The first step must be capable of being performed before trial by comparing the elements of
the offense as they are alleged in the indictment or information with the elements of the potential
lesser-included offense. See Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). It does
not depend on the evidence to be produced at trial. See id. at 535. In Hall, this Court adopted the
cognate-pleadings approach for this first step: "the elements and the facts alleged in the charging
instrument are used to find lesser-included offenses." Rice v. State, 333 S.W.3d 140, 144 (Tex.
Crim. App. 2011) (quoting Hall, 225 S.W.3d at 535). The Texas Code of Criminal Procedure
provides that an offense is a lesser-included offense if


 (1) it is established by proof of the same or less than all the facts required to establish the
commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious injury or
risk of injury to the same person, property, or public interest suffices to establish its
commission;

 (3) it differs from the offense charged only in the respect that a less culpable mental
state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise included
offense.


Tex. Code Crim. Proc. art. 37.09.
2. This Court has applied the functional-equivalence test to offenses other than trespass and
burglary. For example, even though manslaughter does not include the elements required for
establishing murder, that a defendant act "with intent to cause serious bodily injury to an individual"
and "commit an act clearly dangerous to human life," this Court held that the lesser offense of
manslaughter was functionally equivalent to the greater offense of murder because the "commission
of an act clearly dangerous to human life, shooting with a firearm, is the circumstance surrounding
the conduct, which would be the same under either murder or manslaughter." Cavazos v. State, 382
S.W.3d 377, 384 (Tex. Crim. App. 2012). Furthermore, as another example of functional
equivalence, this Court has held that indecency with a child by contact was a lesser-included offense
of aggravated sexual assault of a child even though it contained an element, intent, that was not
found in the greater offense. See Evans v. State, 299 S.W.3d 138, 142-43 (Tex. Crim. App. 2009)
(holding that indecency with a child by contact is lesser-included offense of aggravated sexual
assault of a child because, even though the latter offense did not include intent as an express element,
lascivious intent was implicitly included).