

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1635-12

**THE STATE OF TEXAS**

**v.**

**MARK MERU, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

ALCALA, J., filed a concurring opinion in which WOMACK and COCHRAN, JJ., joined.

### CONCURRING OPINION

The offenses of criminal trespass and burglary are two peas in a pod: they similarly criminalize the act of entering on or in the property of another without consent. Because the element of entry for both of these offenses is functionally equivalent, I respectfully disagree with the majority opinion's analysis, the consequence of which is that, absent unrealistic manipulation of pleadings by the State, criminal trespass, as a matter of law, will never be a lesser-included offense of burglary. Unlike the majority opinion, I would hold that criminal

trespass, as a matter of law, is a lesser-included offense of burglary under the pleadings in the indictment in this case. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) ("The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law.").[1] I, however, agree with the Court's ultimate holding that the trial court did not err by denying the request for a lesser-included-offense instruction on trespass because, as a matter of fact, there was no evidence to show that Mark Meru, appellee, was guilty only of trespass. *See id*. at 536 (second step in lesser-included-offense analysis requires that facts in record establish lesser offense as a valid, rational alternative to greater offense). I, therefore, respectfully concur in the Court's judgment in this case.

---

[1] The first step must be capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). It does not depend on the evidence to be produced at trial. *See id*. at 535. In *Hall*, this Court adopted the cognate-pleadings approach for this first step: "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses." *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011) (quoting *Hall*, 225 S.W.3d at 535). The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

## I. Analysis of the First Step for Lesser-Included-Offense Instructions

In its brief, the State "concedes that some cases and the Practice Commentary to the 1974 Penal Code do suggest that trespass is generally a lesser[-]included offense to burglary." Within the past two years, this Court has reaffirmed that, as a matter of law based on a comparison of the elements of the two offenses, criminal trespass can be a lesser-included offense of burglary. *See Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) ("The offense of criminal trespass is established by proof of the facts of burglary of a habitation as Goad was charged, less proof of the specific intent to commit theft."). Trespass has historically been viewed as differing from burglary only in the respect that burglary includes the additional element of specific intent to commit a felony, theft or assault, or an attempt or commission of a felony, theft or assault. *See id.* Both offenses require proof that a defendant entered property of another without effective consent. *Compare* TEX. PENAL CODE ANN. § 30.02(a)(1), (3) (person commits offense of burglary if he "enters" a habitation or building "without the effective consent of the owner"), *with id.* § 30.05(a) (person commits offense of criminal trespass if he "enters or remains" on or in property of another without effective consent).

I would hold, as this Court has for decades, that criminal trespass can be a lesser-included offense of burglary under an indictment that generally pleads entry without further requiring the State to plead that term's definition because the element of entry for trespass is functionally equivalent to that element for burglary. *See Aguilar v. State*, 682 S.W.2d 556,

558 (Tex. Crim. App. 1985) ("Criminal trespass can be a lesser included offense of burglary of a building."); *Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1976), *overruled in part by Hall*, 225 S.W.3d at 537. This Court in *Hall* approved the "functional-equivalence concept" as a valid component of the step-one lesser-included-offense analysis. *McKithan v. State*, 324 S.W.3d 582, 587–88 (Tex. Crim. App. 2010). This Court's precedent permits an instruction on a lesser-included offense when, although the elements of the lesser offense differ from those of the greater offense, they are functionally equivalent. *Id*. at 588. For this test, the "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *Id*. at 593. The functional equivalence test is "synonymous with the concepts of 'necessary inclusion' or 'subsumption of elements.'" *Id*. at 588 n.15 (quoting *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009)); *see Hall*, 225 S.W.3d at 535 (stating that "the elements of the lesser offense do not have to be pleaded [in the indictment] if they can be deduced from the facts alleged in the indictment").

In applying the "functional-equivalence" concept to the offenses of burglary and trespass, this Court has previously held that a burglary indictment's failure to plead that a defendant had notice that entry into a habitation was forbidden did not preclude him from being entitled to a lesser-included-offense instruction on criminal trespass. *Day*, 532 S.W.2d at 306 (holding that "the offense of criminal trespass is a lesser[-]included offense of all three types of burglary," and stating generally that "the elements of criminal trespass, including 'notice,' could be established by proof of the same facts necessary to prove the offense of

burglary"). In *Day*, this Court explained that, even though criminal trespass contains an additional element, notice, which is not contained in the offense of burglary, the notice requirement "would be satisfied by proof of entry into the building" because notice can be established by fencing or other enclosure obviously designed to exclude intruders. *Id.* More than thirty years later, this Court held in *Salazar v. State* that the notice element of trespass could be deduced from the elements of burglary of a habitation because a habitation, by its nature, inherently gives notice that entry without consent is forbidden. 284 S.W.3d 874, 877-78 (Tex. Crim. App. 2009). In analyzing whether trespass could be a lesser-included offense of burglary, this Court did not suggest in either *Day* or *Salazar* that the entry element of these two offenses would not overlap under an indictment that generally pleaded entry into a habitation or building. *See Day*, 532 S.W.2d at 306; *Salazar*, 284 S.W.3d 877-78.[2]

The majority opinion focuses on the different definitions for "entry" as the basis for concluding that, under the indictment in this case, trespass is not a lesser-included offense

---

[2]     This Court has applied the functional-equivalence test to offenses other than trespass and burglary. For example, even though manslaughter does not include the elements required for establishing murder, that a defendant act "with intent to cause serious bodily injury to an individual" and "commit an act clearly dangerous to human life," this Court held that the lesser offense of manslaughter was functionally equivalent to the greater offense of murder because the "commission of an act clearly dangerous to human life, shooting with a firearm, is the circumstance surrounding the conduct, which would be the same under either murder or manslaughter." *Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012). Furthermore, as another example of functional equivalence, this Court has held that indecency with a child by contact was a lesser-included offense of aggravated sexual assault of a child even though it contained an element, intent, that was not found in the greater offense. *See Evans v. State*, 299 S.W.3d 138, 142–43 (Tex. Crim. App. 2009) (holding that indecency with a child by contact is lesser-included offense of aggravated sexual assault of a child because, even though the latter offense did not include intent as an express element, lascivious intent was implicitly included).

of burglary because the indictment did not more particularly narrow entry to a complete entry. The term "entry" is defined differently for the offense of trespass, which requires "intrusion of the entire body," as opposed to the definition of that term for the offense of burglary, which requires intrusion of "any part of the body" or "any physical object connected with the body." *Compare* TEX. PENAL CODE ANN. § 30.02(b) (burglary), *with id*. § 30.05(b)(1) (trespass). Though entry has a slightly different definition in the two offenses, the elements in the two statutes are functionally equivalent by targeting a person's unauthorized entry onto property. *Id*. §§ 30.02(a); 30.05(a).

Suggesting that the State can manipulate its burglary pleadings to allege that a defendant entered a habitation by intrusion of the entire body, the majority opinion presents a Trojan horse in an attempt to persuade us that it is really not abdicating Texas's historical understanding that criminal trespass can be a lesser-included offense of burglary. Here, the indictment alleged that appellee "did then and there, with intent to commit theft, enter a habitation, without the effective consent" of its owner, the complainant. If, however, the indictment had additionally alleged that the entry was with the defendant's whole body, then, according to the majority opinion, criminal trespass could be a lesser-included offense, if the evidence adduced at trial established criminal trespass as a valid, rational alternative to the charged offense. The concurring opinion goes so far as to suggest that maybe a defendant could file a motion to quash to require the State's indictment to more particularly allege whether it intended to prove entry of a body part or of the whole person.

"When a statutory term or element is defined by statute, the charging instrument does not need to allege the definition of the term or element." *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008). If, however, "the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish." *Id*. (quoting *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994)). This Court, for example, held in *Barbernell* that a trial court should not quash a DWI information charging a defendant with driving while intoxicated due to the State's failure to allege the definition of "intoxicated" that it intended to prove at trial because the definitions of "intoxicated" are evidentiary. *Id*. at 256. Under this Court's reasoning in *Barbernell*, the State would not be required to more narrowly plead the term "entry" because that term is statutorily defined and any more narrow focus of the term would be purely evidentiary. *See id*. It is true that the State may always increase its burden of proof, if it chooses, by more narrowly pleading the terms in the indictment, but a defendant would not be able to succeed in any motion to quash based on a claim that the State's pleading was inadequate for failing to define entry to conform to the evidence the State intended to introduce at trial. *See id*.; *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000) (stating that "[a]n indictment is generally sufficient to provide notice if it follows the statutory language," and State "need not plead evidentiary matters").

And, so, it is time to welcome the Trojan horse. It is true that, after this Court's decision today, there may be a prosecutor somewhere in Texas who decides that he wants to

elevate his burden of proof by more particularly pleading the element of entry in a burglary case so that he and the defendant will have the option of getting a lesser-included offense instruction on criminal trespass. But I seriously doubt that this will be the situation in most cases, and, in examining the implications of a particular holding from a policy perspective, courts should focus on the common, usual situation rather than on the extreme or bizarre one. The reality is that the State will continue to plead burglary cases by tracking the elements in the Texas Penal Code, just as it always has, and just as it did in this case. And, therefore, based on those pleadings, this Court's decision will have the actual consequence that criminal trespass will no longer be a lesser-included offense of burglary in virtually all cases.

In light of this Court's historical understanding that criminal trespass is the functionally equivalent lesser-included offense of burglary, I conclude that, under the indictment in this case that generally pleads entry without further defining that term, criminal trespass is, as a matter of law, a lesser-included offense of burglary. I would hold, therefore, that appellee established the first step for demonstrating his entitlement to a lesser-included-offense instruction. *See Hall*, 225 S.W.3d at 535.

## II. Analysis of the Second Step for Lesser-Included-Offense Instructions

I agree with this Court's judgment that the trial court did not err by denying appellee's request for a lesser-included-offense instruction on criminal trespass because appellee has failed to show that there is any evidence that would support the second required step for obtaining that instruction. *See Hall*, 225 S.W.3d at 535 (describing second step as inquiring

as to "whether there is some evidence adduced at trial to support such an instruction"). No evidence in this case shows that criminal trespass is a valid, rational alternative to burglary, as a matter of fact. The complainant heard a "thud" at his door and then went to his front door, where he saw that its molding had been broken by someone pushing or kicking in the door. The complainant then saw appellee walking from his door and approached appellee. Appellee told the complainant that he had tried to scare someone away who had been on the complainant's patio. Although this evidence supports a partial entry of appellee's body, it fails to establish that appellee intruded with his entire body, which is required to establish the offense of trespass. *See* TEX. PENAL CODE ANN. § 30.05(b)(1). Appellee has failed to establish that trespass, under the evidence presented in this case, is a "valid, rational alternative" to burglary. *Hall*, 225 S.W.3d at 536. The trial court, therefore, properly declined to instruct the jury on the lesser-included offense of trespass.

### III. Conclusion

This case has serious implications for both the State and defendants in all future burglary cases. Although historically considered to be two peas in a pod, after today, trespass is no longer a lesser-included offense of burglary under an indictment that generally pleads the element of entry. This decision turns the two peas into pea soup, a dense fog that will obscure the law for judges who must determine whether the State has manipulated pleadings in an indictment to conform to the anticipated evidence in the case. Because the majority opinion is contrary to the historical understanding that trespass is the functionally equivalent

lesser-included offense of burglary, I respectfully concur in the Court's judgment.

Filed: November 27, 2013

Publish.