

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0480-24

---

### RANDY RAY GUTIERREZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS BEE COUNTY

---

FINLEY, J., delivered the opinion of the Court, in which SCHENCK, P.J., RICHARDSON, KEEL, WALKER, and PARKER, JJ., joined, and in which YEARY, J., joined except for Part II. NEWELL and MCCLURE, JJ., concurred.

### O P I N I O N

The difference between "Let's eat grandma" and "Let's eat, grandma" illustrates two simple truths: (1) proper grammar matters, and (2) punctuation saves lives. This case is the perfect illustration. Do poor grammar and usage

errors in an indictment require reforming the judgment to a lesser-included offense? In this case, no. Even though Appellant's indictment unquestionably contained grammatical mistakes, it sufficiently tracked the required language in the aggravated sexual assault of a child statute under Section 22.021(a)(2)(B) of the Penal Code. Consequently, we reverse the judgment of the court of appeals and remand for proceedings consistent with this opinion.

## I. Background

Appellant was charged with and convicted of two counts of super aggravated sexual assault of a child, a first-degree felony that carries a minimum sentence of twenty-five years' imprisonment. *See* TEX. PENAL CODE § 22.021(f)(2). On appeal, Appellant challenged the sufficiency of the evidence.

The court of appeals reversed. *Gutierrez v. State*, No. 13-22-00248-CR, 2024 WL 973126, at *10 (Tex. App.—Corpus Christi–Edinburg Mar. 7, 2024) (mem. op., not designated for publication). Instead of addressing the merits of Appellant's sufficiency claim, the court of appeals held that the grammatical errors in the aggravating elements section of Appellant's indictment rendered the indictment "indeterminate as to which aggravating element [was] being alleged." *Id.* at *7. But the indictment did charge a facially complete offense of aggravated sexual assault of a child offense in both counts. *Id.* at *9. Accordingly, the court of appeals modified the judgment on each count to reflect

convictions for the lesser-included offenses, found the evidence sufficient to sustain those convictions, and remanded the cases for a new punishment hearing. *See id.* at \*9–10. We granted the State's Petition for Discretionary Review[1] and ordered the parties to brief an additional ground for review on our own motion.[2]

## II.    Subsection (f): Element or Punishment Enhancement?

We first address the Court's threshold issue: whether Subsection (f) in Section 22.021 of the Penal Code is an element of the offense or a punishment enhancement. The parties agree that Subsection (f) is an element of the offense of super aggravated sexual assault of a child. We also agree.

Section 22.021(f) of the Texas Penal Code provides:

(f) The minimum term of imprisonment for an offense under this section is increased to 25 years if:

(1) the victim of the offense is younger than six years of age at the time the offense is committed; or

---

[1]  The State's Petition for Discretionary presented the following questions:

(1) If an indictment's grammar and usage errors produce awkward phrasing, does *Delarosa v. State*, 677 S.W.3d 668 (Tex. Crim. App. 2023), direct that it has failed to make an allegation?

(2) Can an indictment that sets out all of the statutory language for an enhancement in the body be said to be "facially complete" for the unenhanced offense—*i.e.*, that it appears to allege the unenhanced offense and only the unenhanced offense?

[2]  The Court granted review on the following question: "Is Subsection (f) in Section 22.021 of the Penal Code an element of the offense or a punishment enhancement?"

> (2) the victim of the offense is younger than 14 years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A).

TEX. PENAL CODE § 22.021(f).

In *Oliva v. State*, 548 S.W.3d 518 (Tex. Crim. App. 2018), this Court examined whether, under Section 49.09 of the Penal Code, entitled "Enhanced Offenses and Penalties" for DWI offenses, subsection (a)—the offense elevation for DWI offenses after a single prior DWI conviction—served as an element of an offense or a punishment issue. *Id.* at *passim*. In doing so, we examined a number of textual factors that are relevant to such a determination. First, we looked to whether the statute "explicitly" designated a portion of it as an element or punishment issue. *Id.* at 522 (citing TEX. PENAL CODE § 12.49 ("If the court makes an affirmative finding . . . in the punishment phase of the trial")). Second, we considered whether the statute contained the phrase, "A person commits an offense if," which is the most "obvious and common method of prescribing elements of an offense." *Id.* at 523 (quoting *Wilson v. State*, 772 S.W.2d 118, 121–22 (Tex. Crim. App. 1989)). Third, we examined whether the statute provided that an offense "is" of a particular grade, which denotes an element, or instead provides for punishment by a higher degree if something is proven, which denotes a punishment issue. *Id.* at 524 (citing *Calton v. State*, 176 S.W.3d 231, 233–34 (Tex. Crim. App. 2005)). Fourth, we looked at whether

the provision included the phrase, "if it is shown on the trial of," which is "strongly associated with punishment enhancements." *Id.* at 527 (quoting *Wilson*, 772 S.W.2d at 123). Fifth, and finally, we examined whether the provision is jurisdictional, specifically, if a finding on the at-issue portion of the indictment would raise the offense from a misdemeanor to a felony. *Id.* at 528–29. Using these factors, we concluded that the DWI 2nd enhancement was a punishment issue. *Id.* at 534.

We have used the *Oliva* factors several times since. For example, in *State v. Green*, 682 S.W.3d 253 (Tex. Crim. App. 2024), we used the factors when examining the proper construction of the forgery statute in Section 32.21 of the Penal Code. *See id.* at 256, 270. We concluded that the value ladder in Section 32.21(e-1) "constitute[d] an element of a distinct forgery-to-obtain-property-or-services offense that may result in either an aggravated or reduced offense level as compared to the Class A misdemeanor default." *Id.* at 275. In *Holoman v. State*, 620 S.W.3d 141 (Tex. Crim. App. 2021), we used the *Oliva* factors to determine whether enhancements for prior conviction or impeding-circulation enhancements for family violence assault offenses were elements of third-degree felonies or punishment issues to raise the range of punishment after conviction for simple assault. *Id.* at 143. We emphasized the fifth *Oliva* factor—the jurisdictional factor—and concluded that the enhancements "operate as

alternative ways to raise a simple assault-on-a-family-member to the status of a third-degree felony. Alleging either one will suffice to invoke the district court's felony jurisdiction." *Id.* at 145. Thus, both enhancements were elements rather than punishment issues. *Id.* at 147.

But the five *Oliva* factors are not dispositive here. Subsection (f) is not explicitly labeled as either an element or a punishment issue. Section 22.021(a), not (f), includes the phrase, "A person commits an offense if. . ." Subsection (f) does not contain prefatory language. And, regardless of whether subsection (f) is satisfied, the offense prosecuted is a felony.

This leaves the third factor. Subsection (f) neither uses the phrasing "is a particular grade of felony or misdemeanor" nor "punish" or "punishable." *See Green*, 682 S.W.3d at 272. Instead, it increases the minimum punishment, which will always remain classified as a first-degree felony offense under subsection (e). Application of the third *Oliva* factor here marginally supports treating subsection (f) as a punishment issue because it is untethered to an offense grade.

But in *Green*, as in *Oliva*, we also considered two additional textual factors. First, whether the statute "involve[d] facts surrounding 'the circumstances of the offense on trial'"; and second, whether the statute "is found in the same Penal Code section as the provision defining the [offense]."

*Id.* The age of the victim and the manner in which the offense is committed are both circumstances of the offense on trial, which is an indicator that the subsections are to be treated as elements. *Id.*; *Oliva*, 548 S.W.3d at 530; *see also Do v. State*, 634 S.W.3d 883, 890 (Tex. Crim. App. 2021) ("colorable argument" that BAC >.15 allegation is an element of a Class A driving while intoxicated offense because it is a circumstance of the offense). Moreover, subsection (f) is located within the core aggravated sexual assault of a child statute. Applying extra-textual considerations, subsection (f) operates more as an element of a super aggravated sexual assault of a child offense, rather than a punishment issue.

This conclusion is supported by application of the principles in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court explained that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 469. This principle was extended in *Alleyne* when the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. Subsection (f) increases the minimum penalty for the offense of aggravated sexual assault of a child to twenty-five years' imprisonment. Under *Alleyne*, a jury is required to unanimously decide

that aggravating issue. *See id.* Under Article 37.07, Section 2(b), of the Code of Criminal Procedure, a defendant may choose to have a jury assess punishment after a guilty verdict. TEX. CODE CRIM. PROC. art. 37.07, § 2(b). Without such election, punishment defaults to the trial court. *Id.* Treating subsection (f) as a punishment issue poses the looming threat of eventually violating *Alleyne*.

Considering the factors in *Oliva*, the extra-textual considerations in *Green*, and the proper application of *Apprendi* and *Alleyne*, we adopt the conclusion that both parties before us have. Subsections (f)(1) and (f)(2) constitute separate elements of a distinct super aggravated sexual assault of a child offense that may result in an aggravated sentence, as compared to the first-degree felony default. *See* TEX. PENAL CODE § 22.021(e).

## III.   Appellant's Indictment

Having concluded that the language in subsection (f)(2) is an element for a super aggravated sexual assault of a child offense, we turn to Appellant's indictment.

### a.  Applicable Law

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). Evidence is legally sufficient if "any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *Joe v. State*, 663 S.W.3d 728, 731–32 (Tex. Crim. App. 2022) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To determine whether the evidence is legally sufficient, we compare the evidence produced at trial to "the elements of the offense as defined by the hypothetically correct jury charge." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

Article V, Section 12, of the Texas Constitution provides:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments, including their contents, amendment, sufficiency and requisites are provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12. An indictment, therefore, must, to be constitutionally

valid, be a written instrument that charges "a person" with "the commission of an offense." An indictment serves two functions. First, the filing of an indictment vests the trial court with jurisdiction over a felony offense. *Labelle v. State*, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986). Second, it gives notice to the defendant of the offense with which he has been charged so that he can prepare a defense. *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994).

In criminal prosecutions, the accused has the constitutional right to be informed of the nature and cause of the accusations against him. U.S. CONST. amend. VI; *see* TEX. CONST. art. I, § 10 (providing that the accused in a criminal prosecution "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof"); *see also Daniels v. State*, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988) (recognizing that "[t]he Sixth Amendment is made applicable to the states by virtue of the Fourteenth Amendment"). The charging instrument must be "specific enough to inform the accused of the nature of the accusation against him" and "to allow him to investigate the allegations against him and establish a defense." *State v. Moff*, 154 S.W.3d 599, 602 (Tex. Crim. App. 2004).

### b. Section 22.021

Section 22.021(a)(2)(A) provides:

(a) A person commits an offense:

* * *

(2) if:

(A) the person:

> (i) causes serious bodily injury or attempts to cause the death of the victim or another person in the course of the same criminal episode;

> (ii) by acts or words places the victim in fear that any person will become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;

> (iii) by acts or words occurring in the presence of the victim threatens to cause any person to become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or to cause the death, serious bodily injury, or kidnapping of any person;

> (iv) uses or exhibits a deadly weapon in the course of the same criminal episode;

> (v) acts in concert with another who engages in conduct described by Subdivision (1) directed toward the same victim and occurring during the course of the same criminal episode; or

> (vi) with the intent of facilitating the commission of the offense, administers or provides to the victim of the offense any substance capable of impairing the victim's ability to appraise the nature of the act or to resist the act[.]

TEX. PENAL CODE § 22.021(a)(2)(A)(i)–(vi). Coupled with the aggravating element in subsection (f)(2), the hypothetically correct jury charge for Appellant's offense would be: (1) Appellant, (2) intentionally and knowingly,

(3) committed sexual assault, (4) against a complainant under the age of 14, and (5) with an aggravating factor under subsection (a)(2)(A).

The relevant language in both counts of the indictment is as follows:

Count 1

Defendant . . . did then and there intentionally and knowingly cause the sexual organ of [K.R.],[3] hereafter styled the complainant, a child who was then and there younger than 14 years of age, to contact the sexual organ of Defendant, and the Defendant did then and there by acts or words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of the complainant.

Count 2

Defendant . . . did then and there intentionally and knowingly cause the mouth of [K.R.], hereafter styled the complainant, a child who was then and there younger than 14 years of age, to contact the sexual organ of Defendant, and the Defendant did then and there by acts or words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of the complainant.

### c. *Delarosa v. State*

In *Delarosa v. State*, this Court was asked to determine whether the indictment in that case alleged the offense of non-consensual sexual assault, sexual assault of a child, or both. 677 S.W.3d 668, 677 (Tex. Crim. App. 2023). The body of the indictment "completely alleged non-consensual sexual assault,

---

[3] We refer to the minor victim by the abbreviations used by the court of appeals.

omitting no element." *Id.* As a consequence, the indictment body was "facially complete." *Id.* By contrast, the body of the indictment did *not* allege the "child under 17" element needed to establish sexual assault of a child. *Id.* at 678. Although the caption of the indictment contained the phrase "sexual assault of a child" and cited the Penal Code provision for sexual assault of a child, the Court held that the information in the caption did not constitute an "allegation" for purposes of alleging an offense. *Id.* Consequently, the Court held that the indictment alleged only non-consensual sexual assault and did not allege sexual assault of a child. *Id.* at 677–78.

Similarly, in *Crawford v. State*, we needed to determine whether the indictment alleged the offense of assault on a public servant, assault on a peace officer, or both. — S.W.3d —, 2025 WL 907787, at *4 (Tex. Crim. App. Mar. 26, 2025). We held that because the indictment alleged assault on a "deputy sheriff," who, in fact, was a "peace officer," the indictment included every fact needed to convict the appellant of assault on a peace officer. *Id.* at *4–5.

On its face, Appellant's indictment completely alleged a super aggravated sexual assault of a child offense. The indictment for each count alleged that Appellant had "intentionally and knowingly [committed sexual assault of] a child who was then and there younger than 14 years of age, and [an aggravating factor]." The question is whether the aggravating factor

language was so grammatically defective as to fail to provide Appellant notice of the statutory offense with which Appellant was charged.

### d. The indictment was sufficient

The aggravating factor language in each count appears to mix parts of subsections (a)(2)(A)(ii) and (a)(2)(A)(iii) inelegantly. Subsection (A)(ii) states that an offense is committed if Appellant "by acts or words places the victim in fear that . . . kidnapping would be imminently inflicted upon any person." TEX. PENAL CODE § 22.021(a)(2)(A)(ii). This appears to correlate with part of the indictment's language which provides, "Defendant . . . by acts or words . . . place[s], the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz." In contrast, subsection (A)(iii) states that an offense is committed if Appellant "by acts or words occurring in the presence of the victim threatens to cause . . . kidnapping of any person." *Id.* § 22.021(a)(2)(A)(iii). The indictment, somewhat similarly, provided, "Defendant . . . by acts or words threaten[s] to cause . . . kidnapping . . . on Kelly Cruz, and the acts or words occurred in the presence of the complainant."

The court of appeals concluded that because the indictment had language from both subsections, the language in the indictment "render[ed] it indeterminate as to which aggravated element [was] being alleged." *Gutierrez*, 2024 WL 973126, at *7. The court of appeals then relied on our decision in

*Delarosa*, where we made clear that, when determining the offense alleged in an indictment under a sufficiency review, the focus should be on the specific elements in the body of the indictment to see if they constitute a "facially complete" offense. *Id.* at \*8 (quoting *Delarosa*, 677 S.W.3d at 677).

The court of appeals noted that the grammatical errors in the indictment render it difficult to understand. As the court of appeals recognized, if one were to take out the "or place" language set off by commas, the rest of the sentence did not make sense. *Id.* at \*7. It "makes no sense" to say the defendant "threaten to cause . . . [the complainant] in fear that kidnapping would be imminently inflicted." *Id.* But if one leaves in the "or place" language, the indictment nearly tracks subsection (A)(ii), reading, "and the Defendant did then and there by acts and words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz." *Cf.* TEX. PENAL CODE § 22.021(a)(2)(A)(ii) ("by acts or words places the victim in fear that . . . kidnapping would be imminently inflicted upon any person . . . ."). That the "acts and words" happened to have "occurred in the presence of the complainant," as alleged in the dependent clause that follows immediately after, is nothing more than a descriptive averment that does not affect the fact that the indictment nearly tracked verbatim the language in subsection (A)(ii). We conclude that the State's indictment sufficiently alleged, albeit with

grammatical errors, a super aggravated sexual assault of a child offense, which alleged, as an aggravating factor, an allegation of conduct under subsection (a)(2)(A)(ii). The indictment sufficiently conveyed to Appellant that the State intended to prosecute him for that offense, and sufficiently put him on notice to prepare a defense. *Saathoff*, 891 S.W.2d at 266; *see also Moff*, 154 S.W.3d at 602.

Having so concluded, the proper disposition is to remand this case to the court of appeals to determine whether the evidence was sufficient to support Appellant's conviction. The court of appeals has already concluded that Appellant's conduct was sufficient to sustain a conviction for aggravated sexual assault of a child. *See Gutierrez*, 2024 WL 973126, at *9 ("Appellant concedes, and we agree, that the evidence is legally sufficient to support . . . a conviction [for aggravated sexual assault of a child younger than fourteen years of age] as to each of counts one and two."). Thus, on remand, the court of appeals should determine whether Appellant's conduct met the statutory requirements of Penal Code Section 22.021(a)(2)(A)(ii).

## IV. Conclusion

We agree with the State and Appellant that subsection (f) of the Section 22.021 of the Penal Code creates two different statutory elements that the State can prove to allege an offense for super aggravated sexual assault of a

child. Regarding Appellant's indictment, we agree with the State and conclude that the language, "the Defendant did then and there by acts and words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz," was sufficient to allege an aggravating factor under Section 22.021(a)(2)(A)(ii) of the Penal Code. Therefore, Appellant's indictment alleged a complete super aggravated sexual assault of a child offense, alleging an (a)(2)(A)(ii) aggravating factor. Because the court of appeals concluded that Appellant's indictment did not so allege, we reverse the judgment of the court of appeals. We remand the case to that court to resolve the remaining sufficiency issue.

Delivered: April 16, 2025
Publish